**NOT FOR PUBLICATION**

MAY 20 2024

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50188 |
| Plaintiff-Appellee, | D.C. No. 5:21-cr-00202-PA-1 |
| v. | |
| KRESIMIR MENDOZA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted May 15, 2024**
Pasadena, California

Before:  GOULD, N.R. SMITH, and MENDOZA, Circuit Judges.

Kresimir Mendoza appeals his below-Guidelines sentence of 240 months'

imprisonment in connection with his plea of guilty to one count of stalking and one

count of production of child pornography.  We review the district court's decision

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for plain error because Mendoza did not raise his objections before the district court. *United States v. Campbell*, 937 F.3d 1254, 1256 (9th Cir. 2019). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

The district court did not improperly ignore Mendoza's arguments that he should receive a lower sentence due to his childhood trauma and mental health issues. The district court made it explicit that it had considered Mendoza's argument that his mental and cognitive health difficulties warranted a lower sentence than the court imposed and, while the district court stated that it declined to depart from the Guidelines based on these factors, it would impose a variance in light of them. This reasoning "set forth enough to satisfy [us] that [the district court] has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Rita*, 551 U.S. 338, 356 (2007).

Although the district court did not explicitly address Mendoza's mitigating arguments about sentencing disparities with other defendants, the record was sufficiently developed to ascertain why the district court imposed the given sentence. The district court gave several other reasons for the sentence imposed, including reference to the statutory goals of sentencing under § 3553(a), and indicated it had read the presentence report and the parties' papers. *See United*

2

*States v. Carty*, 520 F.3d 984, 995-96 (9th Cir. 2008) (en banc); *United States v. Carter*, 560 F.3d 1107, 1119 (9th Cir. 2009). Moreover, Mendoza has not shown that the district court's ostensible failure to explain why it did not mitigate his sentence resulted in a longer sentence or otherwise affected his substantial rights. There was no error here, let alone plain error.

The district court did not commit error under *Tapia v. United States*, 564 U.S. 319 (2011). Taken in context, the court's discussion of Mendoza's mental health issues does not suggest the court lengthened his custodial sentence for rehabilitative purposes in violation of *Tapia*. Rather, the district court expressed hope that Mendoza would receive counseling while out on supervised release, which is permissible under *Tapia*. *Id.* at 334.

**AFFIRMED**.